The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner, now Chief Deputy Commissioner, William L. Haigh and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award. Pursuant to counsel for plaintiff's motion, the Full Commission awards a $500.00 attorney fee for the appeal, as set forth in Paragraph Five of the Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, entered into by the parties at the hearing as:
STIPULATION
A Pre-Trial Order dated 24 February 1994 which contains jurisdictional and factual stipulations is incorporated herein by reference as part of the evidence of record.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as Follows:
FINDINGS OF FACT
1. Plaintiff, who is fifty-eight years old, has a sixth grade education and is able to read to a limited extent. His employment history prior to working for defendant-employer includes unloading trucks of soft drinks, working for an apartment complex, working as a carpenter laying out boats, and pumping gasoline.
2. In 1965 plaintiff sustained an on the job injury whereby his right arm was almost completely severed above the elbow. Dr. J. Leonard Goldner thereafter performed a partial revascularization of the arm with a vein graft from plaintiff's leg and plaintiff was seen in follow up exams until about 1968, after which he received no further treatment for the arm until 12 January 1993. As a result of that injury, plaintiff retained a seventy-five (75) percent permanent partial impairment of the right arm and he was unable to lift heavy things with it or use the right hand as his dominant one. In addition, plaintiff was precluded from exposure to cold and heat as well as repeatedly changing his environment from hot to cold.
3. Due to the 1965 injury plaintiff was disabled for about three years after which he returned to work and remained employed to 12 January 1993. Plaintiff began working for defendant-employer in about 1987, where he helped to wire houses, and worked in the shop and did odd jobs, such as changing oil and working on trucks.
4. As part of his regular job duties, plaintiff was cleaning up the shop and putting up stock on 12 January 1993. On that date plaintiff lifted from the floor a two foot by one-half foot box of beam clamps which weighed about one-hundred pounds in order to put it on a shelf. When he lifted the box, plaintiff realized that because the ladder was in his way, he could not push the box with his left hand as he usually did, and as a result, he had to reach around the ladder, with his arms overhead, and push the box with his right hand onto the shelf. When he did so, he experienced burning pain in his right wrist and numbness in his right hand. Plaintiff did not usually have to reach around the ladder in order to put stock on the shelves.
5. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 12 January 1993. His having to reach around the ladder and push the heavy box with his right hand on the occasion in question constitutes an interruption of his regular work routine and the introduction thereby of unusual circumstances likely to result in unexpected consequences. Plaintiff's average weekly wage at that time amounts to $230.01 ($11,993.63 gross wages divided by fifty-two and one-sevenths weeks).
6. The accident which occurred on 12 January 1993 materially aggravated plaintiff's preexisting vein graft and caused acute occlusion of his right brachial artery. The vein graft which plaintiff received due to his 1965 injury was an area of inherent weakness, to wit: it had gradually over time gotten smaller and thinner and it was the proverbial "straw that broke the camel's back."
7. Because plaintiff's right brachial artery, the main one going down his arm was occluded or blocked, it became necessary to perform surgery or else he might have lost his arm. In view thereof, Dr. James Weaver, cardiovascular surgeon, performed a saphenous vein bypass graft on 12 January 1993. Plaintiff thereafter saw Dr. Weaver in follow-up examinations and was referred to Dr. Levin in February 1993 for investigation of a skin graft to cover the area where Dr. Weaver had performed surgery.
8. After being apprised of the possible risk involved with a skin graft, including loss of the arm and possibly death, plaintiff treated the area with home care dressings and the wound thereafter healed satisfactorily. It was reasonable for plaintiff to experience fear of the skin graft surgery and it was reasonable for him to decide to treat it at home with dressings.
9. On 16 March 1993 Dr. Weaver released plaintiff to return to work. Plaintiff thereafter was examined and evaluated by Dr. Goldner on 14 February 1994.
10. By 16 March 1993 plaintiff reached the end of the healing period from the injury by accident of 12 January 1993 and the treatment rendered therefore and as a result of said accident, he sustained an additional ten (10) percent permanent partial impairment of the right arm. As a further result of the injury by accident of 12 January 1993, plaintiff is only able to perform one handed work.
11. Since January 1993, plaintiff has been apprehensive of working because of his concern that if his arm ruptures and he cannot get to the hospital in time, he may lose his arm or die. Although he has sought employment other than with defendant-employer, plaintiff has been unable to locate a job. Plaintiff has not contacted defendant-employer about a job and defendant-employer has not contacted plaintiff about the same.
12. Considering plaintiff's age, education, and work experience, together with his preexisting physical restrictions and limitations in conjunction with the injury by accident of 12 January 1993, and the additional physical limitation due thereto, the injury by accident of 12 January 1993 has rendered plaintiff unable to earn any wages in any employment since 12 January 1993.
* * * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 12 January 1993 at which time his average weekly wage amounted to $230.01. N.C. Gen. Stat § 97-2 (5); (6).
2. As a result of the injury by accident giving rise hereto, plaintiff has been totally disabled since 12 January 1993 for which he is entitled to temporary total disability compensation at the rate of $153.35 per week from 12 January 1993 and continuing through 24 February 1994, the date of the hearing and continuing thereafter so long as he remains totally disabled. N.C. Gen. Stat. § 97-29.
3. Defendants shall pay all medical expenses incurred by plaintiff for treatment of the injury by accident giving rise hereto in amounts approved by the Commission. N.C. Gen. Stat. §97-25.
* * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, The Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the counsel fee hereinafter approved, defendants shall pay compensation to plaintiff at the rate of $153.35 per week for the period from 12 January 1993 through 24 February 1994 and continuing thereafter so long as he remains totally disabled. As much of said compensation as has accrued shall be paid to plaintiff in a lump sum without commutation.
2. A reasonable attorney fee in the amount of twenty-five (25) percent of the compensation benefits payable herein is hereby approved for plaintiff's attorney. Said attorney fee shall be paid out of the accrued benefits and out of the benefits which will hereafter accrue by defendants making direct payment to plaintiff's counsel of every fourth week of compensation benefits payable under the terms of this Opinion and Award.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same have been submitted through defendant-carrier to the Industrial Commission and approved by the Commission.
4. Defendants shall pay the costs, including, an expert witness fee in the amount of $400.00 to Dr. Leonard Goldner and in the amount of $250.00 to Dr. James Weaver.
5. Further, defendants shall pay an additional attorney's fee in the amount of $500.00 to plaintiff's counsel for representing plaintiff in this appeal to the Full Commission, this having been an appeal brought by the insurer in which the Commission has Ordered the insurer to make payments of benefits to the injured employee. N.C. Gen. Stat. § 97-88.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ JAMES J. BOOKER COMMISSIONER